WARREN, Respondent, v. PALMER *et al.*, Appellants.

1. A pork packer engaged to examine, salt, brine, repack, and brand a lot of meat, and to "guarantee New Orleans inspection ;" *held*, this agreement amounted to a guaranty that the pork should pass inspection in New Orleans *as branded* by the packer.

*Appeal from St. Louis Court of Common Pleas.*

It is thought unnecessary to set forth the facts more fully than they appear in the opinion of the court.

*J. A. Kasson*, for appellants.

*Glover & Richardson*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The contract, for the breach of which this action was brought, was a contract by a pork packer that the meat should pass New Orleans inspection. For the defendant, it was insisted among other things that the damage was occasioned by secret defects in the meat, and that the guaranty did not extend to such defects, and that it was a question for the jury and not for the court whether the guaranty extended to such defects.

There was a trial by a jury and a verdict for the plaintiff, and judgment thereon. The following instructions were given on the motion of plaintiff : " 1. If the jury find that the defendants made the contract of guaranty mentioned in the plaintiff's petition, and the pork, packed by the defendants under such contract of guaranty, was by the plaintiff shipped to New Orleans in such time as was contemplated by the parties, and was there submitted to inspection without unreasonable delay, and on such inspection was found and reported by the proper officer to be deficient in quantity or defective in quality according to the brands put upon it by the defendants, then the plaintiff is entitled to recover in this action. 2. Although the jury may find that, by the usual course of business, when pork is sold or unpacked under a contract of guaranty that it shall pass the New Orleans inspection, it is implied that the pork, shall be shipped without unnecessary delay, yet, if in this case the defendants agreed with the plaintiff to repack his pork and guarantied that it should, when so repacked, pass the inspection at New Orleans, and it was understood between the parties at the time, or before making the contract, that the pork should not be shipped for several months, then it is no defence to the defendants that the pork was not shipped sooner. 3. That if the jury find that the defendants agreed to guaranty that the pork, when repacked by them, should pass inspection at New Orleans according to the brand they should put on it, then it is no excuse for them that the meat was defective when they put it up."

The court, on its own motion, gave the following : " 4. If the jury find that no time during which the pork should pass inspection in New Orleans was understood by the parties or agreed upon by them, then the time is to be determined by the usages of trade, and limits the period during which defendants' liability on the guaranty continued, if they find a guaranty to pass inspection in New Orleans was made by the defendants."

The following instructions were given, on motion of defendants : " 5. If the jury find from the evidence that a guaranty

was in fact made by the defendants that the pork should be packed to pass inspection at New Orleans, they are instructed in that case, that, if no usage of trade is proved to the contrary, and no other time of inspection understood between the parties, it was implied as a condition thereof that it should be sent forward by the plaintiff and inspected in New Orleans in a reasonable time after packing. 6. And if they further find that the inspection did not take place within a reasonable time, considering the season of the year and the other circumstances in evidence, then the defendants would be discharged from all liability under said guaranty, if any was made, and they will find for the defendant. 7. It is for the jury to consider, under the circumstances in evidence, whether, if such an absolute guaranty as is here relied upon was made, it was intended to cover the weight of the pork at New Orleans as well as the quality, and whether the plaintiff was at all damaged by the alleged too light weight put in the barrels at the time of the repacking, if such was the fact."

The court refused to give the following instructions asked by defendants : " 1. The jury are instructed, that, if the receipt offered in evidence by the defendants was executed by them and offered to the plaintiff or his agents from them, in connection with the transaction in question, and contained the agreement, all prior conversations touching said contract are to be considered as waived, and the said receipt alone is to be relied on as showing what the contract between the parties was, and as containing the whole agreement. 2. If the jury find from the evidence that a guaranty was in fact made by the defendants that the pork should be packed to pass inspection at New Orleans, they are instructed in that case that it was implied as a condition thereof that it should be sent forward by the plaintiff and inspected in New Orleans in a reasonable time after the packing ; and if they further find that the inspection did not take place within a reasonable time, considering the season of the year and the other circumstances in evidence, then the defendants would be discharged from all liability under said guar-

anty, if any was made, and they will find for the defendant. 3. The jury are further instructed, that, if the damage in question, or any part thereof, was owing to inherent defect in the pork, or in the curing, which developed itself subsequently to the packing, or was the result of exposure, or any cause other than defective packing, the defendants are not responsible therefor. 4. And the burden of proof is upon the plaintiff to satisfy your judgments whether any and how much of said damage is chargeable upon the bad packing."

This was a contract not reduced to writing by the parties, but a witness was called by them to hear and witness what it was. This witness immediately reduced the contract to writing for his own benefit. The substance and material points were marked down as a memorandum for the witness, should he be called on to prove it. This memorandum is as follows : " Whitaker & Palmer agree to dray Warren's pork for 22½ cents per load of 5 bbls. ; examine, salt, brine, repack, brand, and guarantee N. O. inspection—mess pork, 40 cents per bbl.—no storage, one month ; 2½ cents per bbl. the second and succeeding mo's—any new packages required, charge no more than cost. April 14th, '51."

The instructions given on the motion of plaintiff, as copied above, are, in the opinion of this court, correct. These instructions embody the law arising on the case hypothetically put, and the defendants were not and could not be injured by them. The contract was not to guaranty the pork to be of any particular quality or grade. It was the duty of the packers to brand the proper quality and weight on the barrels. This was completely in their power, and to do this was the contract, so that the same should pass the New Orleans inspection. The contract did not require them to guaranty that the meat should be good, no matter what its quality was, but to examine, salt, brine, repack and brand, and then guaranty that the same should stand New Orleans inspection, as thus examined, salted, brined, packed and branded. For instance, a barrel was branded as " prime, 200 lbs. ;" now when inspected in New Orleans

the guaranty was that it should pass as "prime" and have 200 lbs. This contract therefore was not to make any particular guaranty of any particular quality. The defendants then had it in their power so to repack and brand as that the pork should answer to its marks or brands—should stand inspection in New Orleans.

The instructions given for the defendants called to the mind of the jury the extent of the guaranty. The contract was a parol one, and the terms and extent were in some measure to be found by the jury, and the second instruction given for defendants left this fact to be found by them. Chief Justice Gibson said, in Sidwell v. Evans, (1 Penn. 386,) "that the construction of written evidence is for the court, and of parol evidence for the jury, and that an admixture of parol with written evidence draws the whole to the jury, are principles which appear everywhere in our books." "The interpretation of written contracts is for the court, but where the matter rests in words, and the intention of the parties is to be ascertained from what they have said and done, it is a question for a jury." (Halbert v. Halbert, 21 Mo. 284.) The instructions refused we consider were properly rejected. The first one is obviously bad. There is no pretence that the receipt contained the agreement as made by the parties, for there is no proof that plaintiff ever saw it, or that it was ever out of the defendants' possession. It was not given or intended to be given for that purpose. The agreement was witnessed by the person called for that purpose, and he made a memorandum of it. The second instruction was substantially already given to the jury, and the third was properly refused because it assumed the liability of the defendants to rest alone on a defective packing of the pork.

We have carefully looked through this voluminous record, and find no error upon the whole calling for a reversion of the judgment below. Let the judgment be affirmed; the other judges concurring.